UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

In Re:

MICHAEL A. DERDERIAN                                BK No: 05-13641
　　　　Debtor                                            Chapter 7

---

ADELITA S. OREFICE, IN HER CAPACITY AS
DIRECTOR, DEPARTMENT OF LABOR AND TRAINING
　　　　Plaintiff

VS.                                                 AP No. 06-1004

MICHAEL DERDERIAN
　　　　Defendant

---

MEMORANDUM OF THE PLAINTIFF
IN SUPORT OF HER MOTION
FOR SUMMARY JUDGMENT

STATEMENT OF FACTS AND TRAVEL OF THE CASE

Jeffrey Derderian and Michael Derderian were the co-owners and managers of Derco, LLC, a limited liability company organized under the laws of Rhode Island. Derco, LLC owned and managed a nightclub in West Warwick, Rhode Island doing business as "The Station". On February 20, 2003 a fire broke out at The Station in the middle of a scheduled concert. The fire spread rapidly and caused the deaths of many, many occupants of the building. Among the dead were four employees of Derco, LLC. The Rhode Island Department of Labor and Training determined that Derco, LLC at the time of the fire did not have workers' compensation insurance in place for the benefit of its employees.

On March 5, 2003, The Department of Labor and Training (hereafter The Department) filed a complaint against Derco, LLC, Jeffrey Derderian and Michael

Derderian which sought the assessment of penalties for their failure to maintain workers' compensation insurance coverage pursuant to R.I.G. L.§ 28-36-15. The case was heard at the Department level and the designated hearing officer assessed a penalty against Derco, LLC in the sum of $1,066,000.00. The Hearing Officer found that Jeffrey and Michael Derderian (hereafter the Derderians) could not be found personally liable for the penalties assessed. Both the Department and Derco, LLC and the Derderians appealed this decision to the Workers' Compensation Court. A trial judge of the Workers' Compensation Court affirmed the assessment of the penalty against Derco, LLC, but reversed the Finding of the hearing officer that the Derderians could not be personally liable for the penalty assessed. The trial judge remanded the case to conduct further hearings regarding the potential liability of the Derderians. Derco, LLC and the Derderians appealed the decision of the trial judge to the Appellate Division of the Workers' Compensation Court which affirmed the decision of the trial judge. Derco, LLC and the Derderians then petitioned the Supreme Court of Rhode Island for review by writ of certiorari. Mr. Justice Weisberger of the Supreme Court granted Derco, LLC a stay in reference to the collection of the penalty assessed but remanded the case for a determination of the personal liability of the Derderians.

    The Department's hearing officer, on remand, again found that the Derderians, as managers of a limited liability company, were not personally liable for the penalty assessed against Derco, LLC. The Department again appealed this decision to the Workers' Compensation Court. The trial judge at the Workers' Compensation Court reversed the finding of the hearing officer. The trial judge found the Derderians jointly and severally liable for the penalty in the sum of $1, 066,000.00. The Derderians then

2

appealed the decision of the trial judge to the Appellate Division of the Workers' Compensation Court. The case was briefed and argued, but undecided before the Appellate Division when the Derderians filed the present bankruptcy petitions. The Department contested the dischargeability of the penalty and filed this pending complaint in the United States Bankruptcy court for the District of Rhode Island. Both the Derderians and the Department now move for summary judgment.

## ISSUE

Is Adelita S. Orefice, Director of the Rhode Island Department of Labor and Training entitled to judgment as a matter of law.

## ARGUMENT

One who moves for summary judgment bears a concededly heavy burden. Any inferences to be drawn from the facts will be weighed against the movant. Courts universally recognize that summary judgment is a drastic remedy which must be cautiously applied. Despite that heavy burden, the Director is indeed entitled to judgment. Both plaintiff and defendants tacitly agree that the facts are not in dispute. The real and sole issue is whether the penalty is non-dischargeable pursuant to 11 U.S.C 523 (a) (7).

11U.S.C. 523 (a) (7) provides that a debt "for a fine, penalty or forfeiture payable to and for the benefit of a governmental unit and is not compensation for actual pecuniary loss" is not dischargeable. The penalty is purely punitive. The applicable statute R.I. G.L. § 28-36-15 directs that a minimum penalty of $500.00 per day be assessed for every day an employer is found to have been without workers' compensation insurance. The statute allows an assessment up to $1,000.00 per day. The assessment of $1,066,000.00

3

in this case in fact represents a penalty of $1,000.00 per day from March 22, 2000 through February 20, 2003, the period during which Derco, LLC was uninsured and in operation. In argument before the Workers' Compensation Court, the Derderians asserted that the penalty constituted cruel and unusual punishment in violation of the Eighth Amendment. The punitive nature of the assessment can hardly be denied nor can it realistically be asserted that the Rhode Island Department of Labor and Training is not a governmental unit. This is not a case akin to Matter of Towers, 162F.3d 952 (7th Cir. 1998). In that case the Court held that a restitution order payable to the Attorney General for the benefit of fraud victims was not for the benefit of a governmental unit and was therefore dischargeable. The penalty at issue here, per the Affidavit of the Director, will not be applied to the benefit of any victims of the Station fire or for the benefit of any other creditors of the Derderians. It is purely penal in nature. In In re Collins, 173F.3d 924 (4th Cir. 1999), the Court held that the liability of a surety on a forfeited bail bond was dischargeable although characterized as a penalty. The Fourth Circuit found the assessment to be contractual, not penal in nature. In this case, the intent of the Law is punishment. The amount of even the minimum statutory penalty far exceeds the liability of an employer for either unpaid compensation insurance premiums or the foreseeable liability of an employer for workers' compensation indemnity benefits.

 The Department anticipates that the Derderians may argue that the broad discretion given the Director regarding use of the penalty collected in some fashion abrogates the penal nature of the assessment. That argument is not sustainable. The Derderians have no right to inquire to what use the penalty may be applied once collected

so long as the application does not result in a preference to one of the creditors. That will not be the case.

In <u>Kelly vs. Robinson</u>, 497 U.S. 36, 107 S.CT. 353, 93 L. Ed. 2d 663 (1986), the Supreme Court of the United States held that a restitution order in a welfare fraud case constituted a non-dischargeable debt within the meaning of 11U.S.C. 523 (a) (7). In that case, a governmental unit had borne a loss and the order of restitution arguably constituted compensation to the government itself. The Department in this case has suffered no loss secondary to the Derderians' failure to have workers' compensation insurance for the benefit of their employees. That loss fell solely upon the families of the deceased employees.

The Department did prior to the Derderians bankruptcy attempt to assure payment of workers' compensation benefits to the families of the deceased employees. The Department was prepared to suspend the penalty assessed in toto conditioned upon payment of workers' compensation indemnity claims by the Derderians. The parties reached no agreement and the Department now seeks collection of the penalty assessed. No part of the penalty will be, unfortunately, applied to the benefit of the families affected. The penalty is purely penal in nature. It is squarely non-dischargeable pursuant to 11U.S.C. 523 (a) (7).

## CONCLUSION

Based upon the foregoing, Adelita S. Orefice, Director of the Rhode Island Department of Labor and Training respectfully requests that her motion for summary judgment be granted and that the penalty assessed against Jeffrey and Michael Derderian be declared non-dischargeable.

          Adelita S. Orefice, Director
          Rhode Island Department of
          Labor and Training
          By her Attorney

          _____
          Bernard P. Healy 2072
          1511 Pontiac Avenue
          Cranston, RI 02920

## CERTIFICATION OF SERVICE

I certify that on September 5, 2006, I mailed and faxed a true copy of the within memorandum to Christopher M. Lefebvre, Esq. PO Box 479, Pawtucket, RI 02862 Fax No. 401-728-6534.

_____